*43
 
 Pearson, C. J.
 

 In respect to the question of evidence, growing out of the instrument of writing, executed by Glover in 1852, we concur with his Honor. The instrument was competent evidence of a tenancy at that time, but it could not be extended and act so as to cover past time back to 1842. Such declarations, whether written or verbal, are admitted on the principle of the
 
 res gestee,
 
 as explanatory of the act of possession, and of course, must be confined to the present, and cannot be extended either to past or future time; in respect to which, such declarations are “naked,” that is, unaccompanied by any act of which they make a part.
 

 The instruction, that, if the jury should find in favor of Glover, they should also find in favor of the other defendants, Brown and McPhall, was refused, for the reason, that according to the testimony, their possession was not within the
 
 seventy-five
 
 acres laid off to Glover, and in respect to which, it was supposed in the previous instruction, the title of Gilchrist had ripened, and if the possession of Glover, prior to 1852, was confined to the 75 acres, a verdict for him, in respect to that, could not avail them. This, we think, supports his Honor’s conclusion. But the point seems to be cut off by a general verdict against Glover as well as the other two defendants.
 

 On the motion for a new trial, defendants’ counsel objected, that the verdict being general, was wrong; for that the jury ought to have found specially. It is well ’ settled, that if a plaintiff succeeds in showing title to any part of the land contained in the demise, of which the defendant is in possession, the jury may return a general verdict; although, as to the other part, the plaintiff failed to show title. The Court may, in its discretion, direct the jury to find specially, so as to run the line between the plaintiff and defendant; but the usual course is not to complicate the enquiry ; and to allow a general verdict, if the plaintiff makes out his case as to any part of the land held by the defendant, and the plaintiff then .takes out a writ of possession at his peril. There is no error.
 

 Per Curiam,
 

 Judgment affirmed.